UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

IVORY WHITFIELD                                         CIVIL ACTION NO.

VERSUS

                                                        20-274-BAJ-EWD

GREENWICH INSURANCE
COMPANY, ET AL.

<u>NOTICE AND ORDER</u>

This is a civil action involving claims for damages asserted by Ivory Whitfield ("Plaintiff")

based upon the injuries he allegedly sustained on June 1, 2019 due to a motor vehicle accident in

East Baton Rouge Parish, Louisiana (the "Accident").[1] On April 14, 2020, Plaintiff filed his

Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge

against Lance Vaughn ("Vaughn"), the driver of the vehicle that struck Plaintiff's car; Greenwich

Insurance Company ("Greenwich"), the insurer of Vaughn's vehicle; and Asplundh Tree Experts,

LLC ("Asplundh"), Vaughn's employer and owner of the vehicle driven by Vaughn.[2]  In the

Petition, Plaintiff alleges that he suffered personal injuries as a result of the Accident which were

caused by the negligence of Vaughn and Asplundh.[3]  On May 4, 2020, the matter was removed by

Greenwich and Asplundh ("Defendants") to this Court, on the basis of diversity jurisdiction under

28 U.S.C. § 1332.[4]

Proper information regarding the citizenship of all parties, and the amount in controversy,

is necessary to establish diversity jurisdiction under 28 U.S.C. § 1332. Citizenship has been

---

[1] R. Doc. 1-2, ¶¶ 2, 8.
[2] R. Doc. 1-2, ¶¶ 2, 7.
[3] R. Doc. 1-2, ¶¶ 2, 4, 5-6, 8.
[4] R. Doc. 1, introductory paragraph and ¶ VII. Defendants contend that the Petition did not request service on Vaughn; rather, service was requested on an individual whom Plaintiff did not name as a defendant.  R. Doc. 1, ¶ IV *and see* R. Doc. 1-2, p. 4, requesting service via the Long-Arm Statute on "Frank R. McNeese."

properly alleged as to Plaintiff and Defendants in the Notice of Removal.[5] However, it is not clear

from the Notice of Removal[6] or the Petition whether Plaintiff's claims likely exceed $75,000,

exclusive of interests and costs, as required by 28 U.S.C. § 1332.  Plaintiff's Petition alleges that

Plaintiff's vehicle was one of two vehicles that was rear-ended by Vaughn's vehicle, which caused

Plaintiff's vehicle to rear-end the vehicle in front of Plaintiff.  Vaughn's vehicle then struck

Plaintiff's vehicle again on the driver's side door.[7]  Plaintiff alleges his injuries as follows: "As a

result of the…collision, [Plaintiff] has suffered injuries, damages, and losses, including, but not

limited to, mental and physical pain and suffering in connection with injuries to his entire spine,

including the neck and back, aggravations of pre-existing spine conditions, his abdomen, and other

bodily injuries…."[8]  As a result of these injuries, Plaintiff alleges he has incurred damages

associated with past and future medical expenses, loss of earning capacity, lost wages and future

wages, "compensatory damages—special and general damages,  "and other damages that will be

shown more fully at the trial of this matter."[9]

Plaintiff's general allegations of injuries to his spine, neck, back, and abdomen do not alone

establish that his claims exceed the requisite jurisdictional threshold because Plaintiff failed to

provide any details about these injuries, including the nature of the injuries, whether they are

permanent, whether a surgery has been recommended, whether Plaintiff has received treatment

and what kind of treatment, and/or Plaintiff's future prognosis.  Further, Plaintiff's pleading of

---

[5] *See* R. Doc. 1, ¶ I and R. Doc. 1-2, introductory paragraph  (alleging Plaintiff is a citizen of Louisiana) and R. Doc. 1, ¶¶ IV and VI  (alleging Vaughn is a citizen of Mississippi (*and see* R. Doc. 1-2, ¶ 1-C); Greenwich is a Delaware corporation with a Delaware principal place of business; and Asplundh is a limited liability company that ultimately unwinds to members consisting of a Pennsylvania corporation with a principal place of business in Pennsylvania, a Delaware corporation with a principal place of business in Delaware, and a limited liability company that unwinds to another Delaware corporation with a principal place of business in Delaware).
[6] On May 6, 2020, the undersigned granted Defendants' Ex Parte Motion to Substitute the original Notice of Removal with an amended Notice of Removal, *see* R. Doc. 5.  However, the amended Notice of Removal did not correct the deficiencies discussed herein.
[7] R. Doc. 1-2, ¶ 2.
[8] R. Doc. 1-2, ¶ 8.
[9] R. Doc. 1, ¶ 8 and prayer for damages.

general categories of damages (*i.e*., past and future medical expenses, physical pain and suffering, *etc.*) is insufficient to establish that the federal jurisdictional minimum is reached.[10] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[11]  In this case, in addition to the lack of details regarding Plaintiff's injuries, there are also no details regarding the amount of medical expenses Plaintiff has incurred, whether Plaintiff is working/can work, or the amount of Plaintiff's lost wages.

In the Notice of Removal, Defendants do not cite any additional evidence but simply make the conclusory assertion: "The amount in controversy in the plaintiff's claims made in the aforedescribed lawsuit exceeds $75,000, exclusive of interest and costs."[12] However, Plaintiff's allegations are insufficient as to the amount in controversy  for the reasons set forth above. Finally, Defendants have not indicated whether Plaintiff has made any settlement demands in this case, nor introduced any other evidence that would indicate that the amount in controversy requirement is met (*i.e*., medical records, evidence of lost wages, discovery admissions, evidence of property damage, etc.).

---

[10] *See Davis v. JK & T Wings, Inc*., 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

[11] *See Anderson v. Swift Transportation Company of Arizona, LLC*, No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (*citing Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).

[12] R. Doc. 1, ¶ VIII.

It is thus unclear from the Petition and the Notice of Removal whether the amount in controversy is satisfied. Although Plaintiff has not filed a Motion to Remand in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[13]

Accordingly,

**IT IS ORDERED** that **on or before May 20, 2020,** Defendants Greenwich Insurance Company and Asplundh Tree Expert, LLC shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that **on or before June 3, 2020,** Plaintiff Ivory Whitfield shall file either: (1) a Notice stating that Plaintiff agrees that Defendants have established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[14] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 6, 2020.

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[14] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).